[Civ. No. 14346.   First Dist., Div. Two.   Aug. 7, 1950.]

FRANCES B. SCHWARTZ, Respondent, v. PREMIUM PRODUCTS COMPANY (a Corporation) et al., Appellants.

Hadsell, Sweet, Ingalls & Murman for Appellants.

Hallinan, MacInnis & Zamloch and William F. Cleary for Respondent.

DOOLING, J.—Defendants appeal from a judgment for $7,500 following the verdict of a jury. The action was one by an adult daughter for the wrongful death of her mother and the sole point argued on appeal is the claimed excessiveness of the award.

The evidence showed that the daughter was married shortly before her mother's death; that her father had died when plaintiff was 11 years old and plaintiff, an only child, had been raised and supported by her mother to maturity and continued to live with her until her marriage. The mother owned her own home and for some years a family of friends had occupied a part of it. Plaintiff was employed and she testified that both before her marriage and afterwards it had been arranged with her mother that plaintiff and her husband would live with the mother in her home as soon as arrangements could be made to have the friends who were living there move to another residence, and that if plaintiff should have a child the mother would take care of it during the daytime thus permitting plaintiff to continue with her employment. At the time of the trial a child had been born and plaintiff had discontinued working. The mother was 59 years of age with an average life expectancy of 15.13 years. (58 C.J.S. 1212.)

Plaintiff was entitled to a recovery of her actual pecuniary loss from the death of her mother. We cannot agree with appellants that under the evidence the deprivation of society and comfort was the complete measure of that loss. The jury was entitled to include the pecuniary loss incident to the deprivation of the anticipated benefits which would have accrued from the mother's services in the home under the arrangement which we must assume the jury found to have been made as plaintiff testified.

Appellants argue that there is no evidence of the value of these services. There need not be. The jury may draw on its own knowledge of the value of services of that character. (*Estate of Reinhertz*, 82 Cal.App.2d 156, 160 [185 P.2d 858, 186 P.2d 755] and cases cited.)

No purpose would be served by discussing the cases cited by appellants. In the opening brief appellants say: ''No decision constitutes a clear cut precedent for a similar holding in a later case.'' We may add that none of the cases cited presents a fact situation comparable to the one here presented.

Judgment affirmed.

Nourse, P. J., concurred.